UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO:

EDWIN CRUZ,

    Plaintiff
v.

COASTAL LINEN SERVICE, LLC
d/b/a TABLE TOP LINEN RENTAL,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiff, EDWIN CRUZ ("Plaintiff"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-216, files her Complaint for Damages and Demand for Jury Trial against Defendant, COASTAL LINEN SERVICE, LLC d/b/a TABLE TOP LINEN RENTAL ("TTLR" or "Defendant"), and alleges the following:

## INTRODUCTION

1. Defendant unlawfully deprived Plaintiff of overtime compensation in one or more workweeks during the course of his employment. This is an action arising under the FLSA pursuant to 29 U.S.C. §§ 201-216, to recover all overtime wages and damages Defendant owes to Plaintiff for its violations of the FLSA.

## PARTIES

2. During all times material hereto, Plaintiff was a resident of Volusia County, Florida, was over the age of 18 years, and was otherwise *sui juris*.

3. During all times material hereto, Defendant, TTLR, was a Florida limited liability company with its principal place of business at 898 Bellevue Ave. Daytona Beach, Florida 32174, within the jurisdiction of this Honorable Court.

4. During all times material hereto, Defendant, TTLR, was vested with authority to hire, fire, compensate, and reprimand Plaintiff, and to oversee and implement the pay practices that applied to Plaintiff.

5. Defendant, TTLR, was Plaintiff's FLSA employer, as that term is defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

6. All acts and omissions giving rise to this dispute took place within Volusia County, Florida. Jurisdiction is therefore proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

7. Venue is also proper within the Middle District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

8. Defendant, TTLR, provides linen rentals for various events throughout the state of Florida.

9. Defendant employs delivery drivers like Plaintiff to assist Defendant in providing these rental services.

## FLSA COVERAGE

10. Defendant, TTLR, is covered under the FLSA through enterprise coverage, as TTLR was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, TTLR engaged in interstate commerce by virtue of the fact that its

business activities involved those to which the FLSA applies. TTLR's business and Plaintiff's work for TTLR affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

11. During his employment with Defendant, TTLR, Plaintiff, and various other similarly situated employees handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: linens, napkins, towels, plastic storage bins, vehicles, pens, paper, pencils, cell phones, keys, etc.

12. Defendant, TTLR, also regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making TTLR's business an enterprise covered by the FLSA.

13. Upon information and belief, Defendant TTLR grossed or did business in excess of $500,000.00 in 2020, 2021, and is expected to gross in excess of $500,000.00 in 2022.

14. During his employment with Defendant, Plaintiff (i) performed non-exempt work; (ii) did not have supervisory authority over any individuals, and (iii) did not make any decisions of importance on behalf of Defendant.

15. During all material times hereto, Plaintiff was a non-exempt, hourly employee of Defendant, within the meaning of the FLSA.

## PLAINTIFF'S WORK FOR DEFENDANT

16. Defendant hired Plaintiff as delivery driver in or around October 2021.

17. During Plaintiff's employment Defendant was aware that Plaintiff regularly worked between 50 and 60 hours per week.

18. Defendant terminated Plaintiff's employment on or about January 25, 2022.

19. During Plaintiff's employment with the company Defendant paid Plaintiff $850.00 per week regardless of the number of hours Plaintiff worked.

20. Plaintiff's work for Defendant did not require a license or advanced degree.

21. During all time periods material hereto, Defendant supervised Plaintiff's work and advised Plaintiff where and when to work and how to perform his job. Defendant also created Plaintiff's schedule and required him to wear a uniform.

22. During Plaintiff's employment period, Defendant knew, or should have known, that Plaintiff worked over forty (40) hours during one or more workweeks without receiving overtime wages at time and one-half Plaintiff's regular hourly rate.

23. Moreover, Defendant did not maintain accurate time records during Plaintiff's employment period.

24. Furthermore, Defendant's payroll records during the relevant time period do not accurately reflect the hours worked by Plaintiff.

25. As a result of Defendant's intentional and willful failure to comply with the FLSA's overtime wage requirements, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs incurred in the prosecution of these claims.

**COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 207**

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

28. During all time periods material hereto, Plaintiff was a non-exempt, hourly employee.

29. Plaintiff performed work for Defendant during his employment for which he should have received time-and-one-half her regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

30. Defendant refused to pay Plaintiff one-and-one-half times his regular hourly rate for certain hours of work performed over forty (40) in one or more weeks of his employment.

31. Plaintiff therefore claims the applicable federal overtime wage rate for each hour worked in excess of forty (40) per week during his employment for which he was not properly compensated.

32. Defendant willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

33. Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double, damages.

34. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, EDWIN CRUZ, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, COASTAL LINEN SERVICE, LLC d/b/a TABLE TOP LINEN RENTAL, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, EDWIN CRUZ, requests and demands a trial by jury on all appropriate claims.

**Dated: February 1, 2022**

        **USA EMPLOYMENT LAWYERS-**
        **JORDAN RICHARDS, PLLC**
        1800 S.E. 10th Ave. Suite 205
        Fort Lauderdale, Florida 33316
        Ph: (954) 871-0050
        *Counsel for Plaintiff*

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372
        JAKE BLUMSTEIN, ESQUIRE
        Florida Bar No. 1017746
        *Jordan@jordanrichardspllc.com*
        *Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on February 1, 2022.

        By: */s/ Jordan Richards*
        JORDAN RICHARDS, ESQUIRE
        Florida Bar No. 108372

## SERVICE LIST: